UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GERALD A. ROBIN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:13CV2456 SNLJ |
| | ) | |
| MILLER AND STEENO, P.C., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for partial summary judgment. The motion has been fully briefed and is ripe for disposition. For the following reasons, the Court will grant the motion for partial summary judgment.

**I.    Facts and Background**

Plaintiff Gerald A. Robin, Jr. ("plaintiff" or "Robin") contends defendant Miller and Steeno, P.C. ("defendant") violated § 1692c(a)(2) of the Fair Debt Collection Practices Act ("FDCPA") by continuing to communicate with plaintiff despite being informed, by means of a telephone conversation initiated by plaintiff to defendant, that plaintiff was presently represented by a bankruptcy attorney with respect to the debt at issue. Plaintiff filed this motion for partial summary judgment as to liability on that claim. Plaintiff reserves his right to have other claims pled in his complaint and damages determined at trial.

Plaintiff is an individual consumer and the services that give rise to the alleged debt relate to a consumer credit card. Defendant is a debt collector and regularly attempts to collect debts alleged to be due another using the mail and telephone. On November 21, 2013, plaintiff called defendant in response to a telephone call that he had received from defendant. Plaintiff spoke with Frenchaire Andrews ("Andrews"), an employee of defendant working in the collections department. A partial transcript of the November 21, 2013 telephone call follows:

> ROBIN: Okay. Well right now ma'am I'm gonna . . . I've got me a bankruptcy lawyer. If you'd like that information I can give that to you.
>
> ANDREWS: All right. Who's your attorney?
>
> ROBIN: My attorney's Scott Brinkman.
>
> ANDREWS: B-R-I-N-K-M-A-N?
>
> ROBIN: Yes ma'am. And, he's at 1 North Taylor Avenue, St. Louis, Missouri.
>
> ANDREWS: All right.
>
> ROBIN: His number's 314-932-1067.
>
> ANDREWS: And do you have a case number?
>
> ROBIN: Umm, not at this time. No ma'am.
>
> ANDREWS: Would you like to set up an account payment plan until your case gets filed for your bankruptcy to prevent any further legal action?
>
> ROBIN: Uh, not at this time. No ma'am.
>
> ANDREWS: Okay, so I just want to make you aware that without a payment plan, that opens up the door to further legal action. But I will note the file that your bankruptcy is pending and just to be aware that further legal action may continue until your bankruptcy has been filed.

> ROBIN: I understand that.
>
> ANDREWS: Is this a good number to leave a message at?
>
> ROBIN: Uh, no ma'am.
>
> ANDREWS: And is there a number where we can call you back?
>
> ROBIN: Uh, no. I'd prefer you not call me.
>
> ANDREWS: Okay. Not a problem.

Plaintiff's claim under § 1692c(a)(2), for this motion, focuses solely on the foregoing telephone conversation.

## II. Applicable Law

### A. Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(a), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth affirmative evidence and specific facts by affidavit and other evidence showing that there is a genuine dispute of a material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex*, 477 U.S. at 324. A party resisting summary judgment has the burden to designate the specific facts

that create a triable controversy. *See Crossley v. Georgia–Pacific Corp.,* 355 F.3d 1112, 1114 (8th Cir. 2004). Moreover, the requirement, on a motion for summary judgment, that facts must be viewed in the light most favorable to the nonmoving party applies only if there is a genuine dispute as to those facts. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

**B.     The FDCPA**

"The purpose of the FDCPA is 'to eliminate abusive debt collection practices by debt collectors,' . . . and debt collectors are liable for failure to comply with 'any provision' of the Act." *Richmond v. Higgins*, 435 F.3d 825, 828 (8th Cir. 2006) (quoting 15 U.S.C. § 1692(e) and § 1692k(a)). To establish a violation of the FDCPA, plaintiff must prove that he is a consumer; defendant is a debt collector; there was an attempt to collect a debt; and defendant violated, by act or omission, a provision of the FDCPA. *Campbell v. Credit Protection Ass'n, L.P.,* No. 4:12CV289 AGF, 2013 WL 1282348, at *4 (E.D. Mo. Mar. 27, 2013) (citing *Pace v. Portfolio Recovery Associates, LLC,* 872 F.Supp.2d 861, 864 (W.D. Mo. 2012)). The FDCPA prohibits a debt collector from communicating with a consumer when the debt collector knows the consumer is represented by an attorney. Specifically, § 1692c(a)(2) provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt . . . if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer[.]

4

**III. Discussion**

There is no dispute that plaintiff is a consumer, defendant is a debt collector, and there was an attempt to collect a debt. The disputed issue is whether defendant violated a provision of the FDCPA. Plaintiff contends that the undisputed facts – the recorded telephone call – establish that defendant communicated with plaintiff with actual knowledge that he was represented by counsel with respect to the debt at issue. Plaintiff argues that defendant's actions during the telephone call including repeated demands for payment, legal threats, and demands for contact information were all directly contrary to § 1692c(a)(2). As a result, plaintiff seeks summary judgment as to liability on his § 1692c(a)(2) claim.

Defendant opposes the motion arguing that the undisputed facts establish that there was no violation of the FDCPA, or, if there was technically a violation it does not justify imposition of liability. Alternatively, defendant argues that there remain genuine issues of disputed material fact. Defendant, however, has not offered any statement of material facts that are in dispute as required by Local Rule 4.01(E) and Federal Rule of Civil Procedure 56(c)(1).[1] Indeed, it is clear that there are no factual disputes. Instead, the dispute is whether the communications that occurred during the November 21, 2013 telephone call violated the FDCPA, which is a legal question.

---

[1] Although defendant stated in the factual background in its response that it had pled the bona fide error affirmative defense set forth in § 1692k(c), it did not offer any evidence or argument on this defense or press this defense in its response. As a result, defendant has failed to satisfy the requirements for avoid liability based on that defense. *Picht v. Jon R. Hawks, Ltd.*, 236 F.3d 446, 451 (8th Cir. 2001); *Rogers v. Medicredit, Inc.*, 4:12CV2277 CEJ, 2013 WL 2403661, at *2-3 (E.D. Mo. May 31, 2013).

5

This Court concludes that defendant violated the plain language of § 1692c(a)(2) of the FDCPA during the telephone conversation with plaintiff on November 21, 2013. After being advised that plaintiff had a bankruptcy attorney with regard to the debt, the Court does not find fault with the inquiry as to a case number for the bankruptcy. The conversation, however, should have ended immediately thereafter. Defendant's questions and comments about setting up a payment plan to avoid further legal action and inquiring as to a telephone number to contact plaintiff constitute prohibited conduct.

Defendant argues that if there was technically a violation, it was *de minimis* and not the kind of communication that § 1692c(a)(2) was designed to prevent. This argument, however, is not relevant to liability but instead, is an issue for damages. *See Lester E. Cox Medical Center, Springfield, Mo v. Huntsman*, 408 F.3d 989, 994 (8th Cir. 2005) (noting that for *de minimis* or technical violations, some courts refuse to award statutory damages). Damages are not an issue in the instant motion.

In a final attempt to avoid liability for the violation, defendant contends that the communication fell within an exception under § 1692c(c). Subsection (c) pertains to a consumer's written request that a debt collector cease further communication. Certain exceptions are set forth in subsection (c) including notifying the consumer that the debt collector intends to invoke specific remedies. Defendant argues that is what occurred here – that it simply notified plaintiff it might invoke specific remedies, to wit, "further legal action." Setting aside whether this constitutes notification that it intended to invoke a "specific remedy, "[s]ubsections (a) and (c) are independent prohibitions on communication, triggered by separate and distinct conditions." *Crouch v. J.J. Marshall*

6

*& Associates, Inc.*, 1:07CV477, 2007 WL 3173975 (W.D. Mi. Oct. 26, 2007). As explained by the district court in *Crouch*:

> Under subsection (a)(2), once a consumer is represented by an attorney and the debt collector has knowledge of that representation, the debt collector may not communicate with that consumer. This does not prohibit the debt collector from communicating with the consumer's attorney. Subsection (c) prohibits a debt collector from communicating with the consumer if the consumer makes such a request in writing. Because the record does not contain evidence of such a request, Defendant cannot rely on the exceptions listed under (c)(2) and (c)(3). Even if such a request had been made, nothing under subsection (c) suggests the debt collector could communicate directly with a consumer if that consumer was represented by an attorney. Instead, the communication authorized as an exception under subsections (c)(2) and (c)(3) should be sent to the consumer's attorney.

This Court agrees with that interpretation of subsections (a) and (c) of § 1692c and finds, therefore, that defendant's argument is unsupported by the text of § 1692.

## IV. Conclusion

Plaintiff has established that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law on his §1692c(a)(2) claim as to liability. On this basis, plaintiff's motion for partial summary judgment will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for partial summary judgment (ECF #13) is **GRANTED** as set forth herein.

Dated this 29th day of July, 2014.

                                            _/s/ Stephen N. Limbaugh, Jr._
                                            STEPHEN N. LIMBAUGH, JR.
                                            UNITED STATES DISTRICT JUDGE